UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-140 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| ANTONE S. LODGE, also known as ) | |
| "Shamel Lodge" ) | |

**MEMORANDUM**

Defendant Antone S. Lodge ("Defendant") filed a motion to suppress (Court File No. 51) which was referred to United States Magistrate Judge William B. Mitchell Carter to conduct an evidentiary hearing if necessary and make a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On January 11, 2006, the magistrate judge filed an R&R recommending Defendant's motion be denied (Court File No. 57).

Defendant filed an objection to the report and recommendation within the ten-day period, arguing its recommended ruling incorrectly holds "probable cause existed for this [traffic] stop" (Court File No. 58). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R and will **DENY** Defendant's motion to suppress.

**I.    STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## II. FACTS

The recitation of facts contained in the magistrate judge's R&R adequately represents the versions of the events in question put forth by both Defendant and the Government (R&R at 1-4). Defendant has not objected to the magistrate judge's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** by reference the magistrate judge's statement of facts in his R&R (Court File No. 57, pp. 1-4).

## III. ANALYSIS

Defendant in his objection to the R&R asserts the magistrate judge incorrectly held Trooper Hoppe had probable cause to conduct a traffic stop on or about December 25, 2006 for a violation of Tenn. Code Ann. § 55-9-407, which regulates the use of high-beam headlights (Court File No. 58). Specifically, Defendant states the code section "only applies to the directing of high beam lights into on coming traffic" and "Trooper Hoppe did not site Mr. Lodge for a violation of light law [sic]" (Court File No. 58). Defendant asserts Trooper Hoppe's initial stop violated Defendant's 4th Amendment rights.

In *Whren v. United States*, 517 U.S. 806, 812-13 (1996), the Supreme Court held the legality of a traffic stop turns on the validity of the officers' objective explanation for making the stop, not on the subjective intentions of the officers in initiating the stop. A traffic stop supported by probable cause, *Whren* makes clear, may not be invalidated under the Fourth (or Fourteenth) Amendment on the ground the officers stopped the car for "pretextual" reasons, acting upon a violation of one set of laws ( e.g., run-of-the-mill traffic laws) in order subjectively to enforce another set of laws ( e.g., drug-trafficking laws). *U.S. v. Herbin* , 343 F.3d 807, 809 (6th Cir 2003). As the Supreme Court

2

stated in *Whren,* "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren*, 517 U.S. at 813.

Based upon the testimony of Trooper Hoppe, the Court finds Trooper Hoppe had probable cause to stop Defendant's vehicle for a violation of Tenn. Code Ann. § 55-9-407. While observing northbound traffic on I-75, Trooper Hoppe witnessed the vehicle driven by Defendant flashing its high-beam headlights on and off. This observation gave Trooper Hoppe probable cause to believe Defendant was using high-beam headlights within five hundred feet of oncoming vehicles in the southbound lane of traffic on I-75 in violation of Tenn. Code Ann. § 55-9-407. Therefore, Court will **DENY** Defendant's motion to suppress (Court File No. 51).

## IV. CONCLUSION

For the reasons stated above, the Court has determined the magistrate judge correctly held Trooper Hoppe had probable cause to conduct a traffic stop on or about December 25, 2006 for a violation of Tennessee Code Annotated § 55-9-407. Following this finding, the Court will **ACCEPT** and **ADOPT** the magistrate judge's determination the evidence obtained as a result of the search of Defendant's car should not be suppressed. The Court will **DENY** Defendant's motion to suppress.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**